IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JENNIFER LYNN MANARD-HESTER, | ) | |
| | ) | CASE NO. BK08-81776-TJM |
| Debtor(s). | ) | A08-8062-TJM |
| ROBERT NAB, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JENNIFER LYNN MANARD-HESTER, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM

This matter is before the court on cross-motions for summary judgment by the debtor-defendant (Fil. #34) and the plaintiff (Fil. #41). Robert P. Diederich represents the debtor, Dr. Manard-Hester; and Duane C. Dougherty represents the plaintiff, Dr. Nab. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I).

The plaintiff's motion is granted.

The parties are the parents of a child. In a paternity action in Kansas, Dr. Nab was awarded custody of the child, child support, and a $42,352.50 judgment against Dr. Manard-Hester for attorneys' fees. Dr. Nab now asks that the debt represented by the fee judgment be excepted from discharge as a domestic support obligation[1] under 11 U.S.C. § 523(a)(5).[2]

---

[1]A domestic support obligation is a defined term in the Bankruptcy Code, at § 101(14A):

(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is —
        (A) owed to or recoverable by —
                (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
                (ii) a governmental unit;

(continued...)

The parties disagree on whether attorney fees awarded to one party but payable directly to the attorney constitute a debt "in the nature of alimony, maintenance or support" of the child or his parent as required under § 101(14A). They have each filed motions for summary judgment asserting the lack of a genuine factual dispute on this issue.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. Hitt v. Harsco Corp., 356 F.3d 920, 923-34 (8th Cir. 2004).

The nature of this dispute presents a mixed question of law and fact. Whether the fee award was intended to serve as support is a factual issue, while the issue of whether that fee award – if it is in the nature of support – is dischargeable because it is payable directly to the attorney rather than

---

[1](...continued)

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of —

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

[2]That section states:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt —

(5) for a domestic support obligation[.]

-2-

to the parent is a question of law. <u>Holliday v. Kline (In re Kline)</u>, 65 F.3d 749, 750 (8th Cir. 1995). Because the existing factual issue requires the interpretation of a court order, a trial on the matter would not be of benefit. No testimony that could be offered or evidence that could be admitted would assist the fact-finder. The Kansas court documents deemed relevant by the parties are in evidence on these motions, so this court will make a fact finding on this record and resolve the case.

The following facts are uncontroverted:

1.      Dr. Nab resides in Olathe, Kansas.

2.      Dr. Manard-Hester resides in Omaha, Nebraska.

3.      Both are doctors of chiropractic medicine.

4.      Dr. Nab and Dr. Manard-Hester have one child together, born out of wedlock in 2000.

5.      Dr. Manard-Hester filed a paternity action against Dr. Nab in the District Court of Johnson County, Kansas, in August 2000.

6.      The Kansas court entered an order on August 22, 2002, finding Dr. Nab to be the child's father. Both parties were awarded joint legal custody, with the child continuing to reside primarily with Dr. Nab in Kansas.

7.      The Kansas court entered an order on November 7, 2005, approving a parenting plan jointly agreed to by the parties which specified custody and visitation rights with the child.

8.      The order of November 7, 2005, contained the following provision for an award of attorneys' fees:

> The court reserves jurisdiction to hear arguments regarding the respective claims of the parties for attorney fees arising from all the various litigation activities in this matter up to and including the drafting and approval of the joint stipulation. That if either party files any motion requesting any substantial change in parenting time over the next 24 months after the confirmation of the Journal entry approving the agreed parenting plan herein then these respective claims for attorney fees may be litigated by the court. However if neither party files any motion requesting any substantial change in parenting time over the next 24 months any claims either party may have for fees or costs for services rendered up to and including the approval of this particular Journal entry shall terminate.

Nab Aff., Ex. D at ¶ 3 (Fil. #19).

-3-

9.      In late 2006, Dr. Manard-Hester filed a motion to modify parenting time. In connection with the motion, she raised allegations about Dr. Nab's personal life and her concerns about its negative effect on his parenting skills, and she attempted – unsuccessfully – to obtain emergency ex parte orders from the court. Dr. Nab resisted the motion and requested an award of attorneys' fees to stop Dr. Manard-Hester's "repeated harassment" of him and its harmful effects on their child, and to help alleviate the financial burden created for his family by "the ongoing litigation and conflict." Nab. Aff., Ex. C at ¶¶ 23-26 (Fil. #19).

10.     The Kansas court granted the motion to dismiss and said it was inclined to grant the request for attorneys' fees, but deferred ruling until a hearing could be held to determine the appropriate amount of the award. Nab Aff., Ex. B at ¶ 2 (Fil. #19).

11.     On November 16, 2007, the Kansas court granted the motion for fees, awarding a judgment against Dr. Manard-Hester in favor of Dr. Nab in the amount of $42,352.50, plus judgment, payable to Dr. Nab's counsel. Nab Aff., Ex. A at ¶ 8 (Fil. #19).

12.     In granting that award, the court specifically noted that, throughout the case, "the bulk of Dr. Manard's testimony and evidence [lacked] credibility" and her behavior was "inappropriate [and] manipulative," even "victimiz[ing]" her own attorneys by her misrepresentations. Id. at ¶¶ 7, 9.

13.     Dr. Manard-Hester filed her Chapter 7 bankruptcy petition on July 15, 2008.

The crux of the debtor's argument is that the fee award was intended as a penalty, not as maintenance or support, and therefore cannot be characterized as a domestic support obligation.

While exceptions from discharge are usually construed narrowly, the exceptions for family support are construed more liberally because policy "favors enforcement of familial support obligations over a fresh start for the debtor." Kline, 65 F.3d at 750-51 (citations omitted). The nature of the debt, not the identity of the payee, determines the debt's dischargeability under § 523(a)(5). Williams v. Kemp (In re Kemp), 232 F.3d 652, 653 (8th Cir. 2000) (per curiam). Debts payable to a third party, such as attorney fees payable directly to counsel, "can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve." Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983). In evaluating an award, the bankruptcy court is not bound by the state court's characterization of the award. Id.

The law in the Eighth Circuit is clear that attorney fees in a domestic relations case awarded directly to the attorney can be excepted from discharge under the pre-BAPCPA[3] version of

_____

[3]The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, applicable to cases filed on or after October 17, 2005.

(continued...)

-4-

§ 523(a)(5). <u>Kline</u>, 65 F.3d at 751. The BAPCPA amendments to § 523(a)(5) have not changed that analysis. <u>Kelly v. Burnes (In re Burnes)</u>, 405 B.R. 654, 658-59 (Bankr. W.D. Mo. 2009).

The <u>Kline</u> case's finding that the fee award was not dischargeable relied on a statement in the decree of dissolution that the award of attorney fees was based in part on the disparity of income between the parties. Because the husband had comparatively greater financial resources and was better able to pay that debt, the award was held to be in the nature of spousal maintenance.

In contrast, in <u>Adams v. Zentz (In re Zentz)</u>, 963 F.2d 197 (8th Cir. 1992), a fee award in favor of the father against the mother was held to be dischargeable in the mother's bankruptcy because it was not in the nature of support. The bankruptcy court relied on the state court's focus on the mother's brutish behavior toward the father, as opposed to that behavior's effect on the child's welfare, in ruling that the attorney fee award could not be considered support, implying that it found the award to be punitive rather than supportive.

Several circuits follow the same method as the Eighth Circuit, looking at the intention behind the award in deciding whether it is in the nature of support. <u>Sorah v. Sorah (In re Sorah)</u>, 163 F.3d 397 (6th Cir. 1998); <u>Gianakas v. Gianakas (In re Gianakas)</u>, 917 F.2d 759 (3d Cir. 1990); <u>Long v. West (In re Long)</u>, 794 F.2d 928 (4th Cir. 1986); <u>In re Woods</u>, 561 F.2d 27 (7th Cir. 1977) (per curiam).

A number of other circuits have rejected the Eighth Circuit's approach, instead adopting a bright-line rule, or a sweeping interpretation of "support," that attorneys' fees and costs awarded in connection with a child support or child custody dispute are not dischargeable because such litigation affects the child's welfare. <u>Beaupied v. Chang (In re Chang)</u>, 163 F.3d 1138, 1140 (9th Cir. 1998) (whether a debt is a nondischargeable support obligation is a matter of federal law, but how the state characterizes the debt is particularly relevant to that determination); <u>Strickland v. Shannon (In re Strickland)</u>, 90 F.3d 444 (11th Cir. 1996) (under Florida law, former spouse is entitled to award of attorneys' fees based on relative need and ability to pay, so award is appropriately characterized as support); <u>Dvorak v. Carlson (In re Dvorak)</u>, 986 F.2d 940, 941 (5th Cir. 1993); <u>Jones v. Jones (In re Jones)</u>, 9 F.3d 878, 881 (10th Cir. 1993) ("In our view, in all custody actions, the court's ultimate goal is the welfare of the child."); <u>Peters v. Hennenhoeffer (In re Peters)</u>, 964 F.2d 166, 167 (2d Cir. 1992), <u>aff'g</u> 133 B.R. 291 (S.D.N.Y. 1991).

In the present case, the Kansas court gave little, if any, indication of its intention when it granted Dr. Nab's request for fees. The journal entry contained express language regarding the court's impression of Dr. Manard-Hester's conduct throughout the case, which could lead to the conclusion, as the debtor encourages, that the attorney fee award was merely punitive and not in the

---

[3](...continued)

Prior to the amendments, § 523(a)(5) excepted from discharge debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child." Therefore, the issue addressed by the <u>Kline</u> court was whether a debt payable to a third party was nondischargeable under this section.

nature of support. However, such a reading may be too superficial. The purpose of the protracted paternity and custody case, with numerous motions, hearings, and orders, was to determine the most appropriate living arrangements for the parties' child. Dr. Manard-Hester raised myriad allegations concerning Dr. Nab's lifestyle and his unsuitability as a custodial parent, which the court reviewed and discounted at each juncture. The court, by its warning in the November 2005 order that the moving party would be subject to a fee judgment if he or she challenged the terms of the stipulated parenting plan within two years, appears to have intended to quell the litigious behavior which the parties' expert witnesses agreed was not furthering the child's well-being. When Dr. Nab filed his final motion to dismiss Dr. Manard-Hester's latest motion to modify parenting time, he specifically framed his request for attorneys' fees in terms of protecting the child's best interests by imposing financial disincentives in the form of a fee award to dissuade her from further unwarranted legal action. See Nab. Aff., Ex. C at ¶¶ 23-26 (Fil. #19). It is within reason to surmise that the court, in granting the request for attorneys' fees, implicitly adopted those reasons as support for its findings.

Interpreting an order of another court is not an easy task. Even the Eighth Circuit Court of Appeals conceded in Zentz "that the record might plausibly be read to support a [contrary] finding[.]" 963 F.2d at 201. Nevertheless, under the circumstances of this case, the state court's award of attorneys' fees for the plaintiff constitutes a nondischargeable domestic support obligation.

A separate judgment will be entered denying the debtor-defendant's motion for summary judgment, granting the plaintiff's motion for summary judgment, and excepting the debt from discharge.

DATED:        August 12, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Robert P. Diederich
    *Duane C. Dougherty
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.